UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JODI BEASLEY, ETAL.** | * | **CIVIL ACTION** |
| | * | |
| **versus** | * | **NO. 13-395** |
| | * | |
| **GEOVERA SPECIALTY INSURANCE CO.** | * | **SECTION "L" (4)** |

## ORDER AND REASONS

Before the Court is a Motion, filed on behalf of Defendant, seeking administrative closure of this matter pending appraisal in addition to an Order compelling an appraisal. (R. Doc. 7). The Court heard oral arguments on this Motion beginning at 9:00 a.m. on Wednesday, June 12, 2013. After considering those arguments, the parties' submissions, and the applicable law, the Court now issues this Order and Reasons.[1]

## I. BACKGROUND

This insurance dispute arises from alleged damage to a home due to Hurricane Isaac. According to their petition, filed in the 24th Judicial District Court for the Parish of Jefferson on January 15, 2013, Plaintiffs Jodi and Jamie Beasley own property located at 5138 Rogers Street in Lafitte, Louisiana. The Plaintiffs allege that Defendant GeoVera Specialty Insurance Company ("GeoVera") insured their home at all relevant times. The Plaintiffs further allege that Hurricane Isaac made landfall on August 28, 2012, and caused damage to their home by means of wind, but not by means of flooding. Plaintiffs allege that GeoVera failed to pay all damages due according to their insurance contract, and seek damages.

---

[1] The Court wishes to acknowledge the assiduous effort of intern Max Africk, a J.D. candidate at the University of Texas School of Law, in the preparation of this Order and Reasons.

GeoVera filed a Notice of Removal on March 1, 2013, alleging diversity jurisdiction. (R. Doc. 1). GeoVera then filed an Answer in which it denies liability and asserts various affirmative defenses including failure to state a claim and coverage defenses. (R. Doc. 4).

## II. PENDING MOTION

On May 2, 2013, GeoVera filed a Motion to Compel Appraisal and to Administratively Close Case Pending Appraisal, which was noticed for submission on May 29, 2013. (R. Doc. 7). In it, GeoVera argues that the insurance policy at issue includes a provision allowing either party to demand an independent appraisal in the event of a dispute as to the amount of loss. GeoVera asserts that it twice sent letters to Plaintiffs invoking its right to demand an independent appraisal, naming GeoVera's appraiser, and asking Plaintiffs to name their own appraiser, per the terms of the policy. GeoVera further avers that Plaintiffs failed to respond to either letter, and instead filed the instant suit in violation of the terms of the policy. Accordingly, GeoVera seeks an Order compelling Plaintiffs to participate in the appraisal process defined in the policy and staying or administratively closing the case in the meantime.

Plaintiffs oppose GeoVera's Motion. (R. Doc. 9). Plaintiffs argue that GeoVera's Motion to Compel is untimely because GeoVera failed to file its Motion within sixty (60) days of receiving notice that the amount of the claim was disputed. Plaintiffs also assert that the "Suit Against Us" provision of Plaintiffs' policy does not turn a request for appraisal into a condition precedent to suit.

GeoVera has filed a reply memorandum in support of its Motion to Compel. (R. Doc. 15). In it, GeoVera argues that, where an insurance policy does not set a firm deadline for the insurer to invoke its appraisal provision, Louisiana courts only require that the appraisal provision be invoked within a reasonable time period after the dispute arises. GeoVera asserts

that because it demanded an appraisal within nine days of Plaintiffs' submission of purported loss, the appraisal provision was timely invoked. With respect to the "Suit Against Us" provision, GeoVera argues that, although the appraisal provision is a voluntary provision, once the provision has been invoked by either party prior to the commencement of a law suit it becomes a condition precedent to suit. Therefore, GeoVera's demand for appraisal prior to commencement of this lawsuit transformed the voluntary appraisal provision into a mandatory condition precedent.

### III. LAW AND ANALYSIS

#### A. Standard of Review

Although GeoVera styled its Motion as a Motion to Compel Appraisal and to Administratively Close Case Pending Appraisal, the Court will construe GeoVera's motion as a Rule 12(b)(6) motion to dismiss in accordance with the remedy sought. In considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Therefore, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

#### B. Applicable Law

"Courts have consistently held that appraisal provisions in insurance policies are enforceable." *Newman v. Lexington Ins. Co.*, 2007 WL 1063578 at *2 (E.D. La. April 4, 2007)

(citing *Pa. Lumbermens Fire Ins. Co., v. Barfield*, 138 F.2d 365, 366-67 (5th Cir. 1943) (upholding appraisal provision in a fire insurance contract)). However, even an appraisal provision not subjected to temporal limitation "must be invoked within a reasonable time after a dispute as to the amount of loss arises." *Newman,* 2007 WL 1063578 at *3.

**C. Analysis**

An appraisal provision that does not include a hard deadline must be invoked within a reasonable time after the monetary dispute arises. Here, the insurance policy does not impose a hard deadline on the parties. (R. Doc. 9). Like the policy in *Newman*, "[t]he only condition precedent to appraisal . . . is that the two parties dispute the amount of loss." *Newman,* 2007 WL 1063578 at *4.

Plaintiffs sent a letter itemizing the known property damage to GeoVera on December 12, 2012, (R. Doc. 9), and GeoVera received it on December 18, 2012. (R. Doc. 15). Therefore, on December 18, 2012, the condition precedent to appraisal - that the two parties dispute the amount of loss - was met. *See Newman,* 2007 WL 1063578 at *4.

Plaintiffs assert that the dispute actually began in September, 2012, when Plaintiffs disputed GeoVera's first damage assessment of $5,646.40. (R. Doc. 9). In support of their argument, Plaintiffs cite *Triple K, Inc. v. Century Sur. Co.*, 2010 WL 3418237 at *2 (E.D. La. Aug. 23, 2010), where this Court held that "as long as the insurer [has] sufficient information to act on the claim, it [is] the insurer's responsibility to respond either by compensating [plaintiff] under the policy or disputing the claim via the appraisal process." However, in *Triple K*, the information that Judge Duval found to be "sufficient" to require an insurer to act was a "detailed inventory report," a report similar to the statement received by GeoVera on December 18, and distinguishable from both Plaintiffs' initial claim in September, 2012, and Plaintiffs' subsequent

request for additional living expenses in October, 2012. *See id.* (describing the detailed inventory report's inclusion of a comparison of the loss claimed to the wholesale prices of each item claimed).

Having surveyed the relevant precedents, the Court finds that GeoVera's nine-day delay before invoking the appraisal provision was reasonable. *See*, *e.g.*, *Newman*, 2007 WL 1063578 at *4 (holding that the two-month delay between when the lawsuit was filed and the defendant's request for appraisal was reasonable); *Kester v. State Farm Fire and Cas. Co.*, 726 F. Supp. 1015 (E.D. Pa. 1989) (holding that eight months was a reasonable delay between the "insurer's first awareness of the plaintiff's loss . . . and its request for appraisal," given that the parties had engaged in "good-faith" negotiations over the value and timeliness of the claim).

Plaintiffs also assert that GeoVera's Motion to Compel is untimely because GeoVera failed to file the motion within sixty days of the initial dispute. Plaintiffs' reliance on *Maison Orleans I v. Liberty Mut. Fire Ins. Co.*, 2006 WL 2460755 (E.D. La. 2006), is misplaced because, as this Court therein noted, the policy at issue in *Maison* explicitly provided that an appraisal demand must be made within sixty days of the insurer's receipt of proof of loss. *Id*. at *4. Here, Plaintiffs' policy neither explicitly or implicitly imposes such a deadline.

Plaintiffs also rely on *Sevier v. United States Fidelity and Guaranty Company*, 497 So.2d 1380 (La. 1986), to support the proposition that all Motions to Compel Appraisal must be filed within sixty days of receipt of proof of loss. However, *Sevier* does not restrict the amount of time an insurance company has to file a Motion to Compel Appraisal. *See id.* at 1384. In *Sevier,* the Louisiana Supreme Court simply held that an insurance company must demand an appraisal within sixty days of receipt of proof of loss. *Id*. at 1384.

Although Plaintiffs argue that GeoVera received proof of loss in September and

therefore GeoVera's sixty-day window in which to demand an appraisal expired in November, Plaintiffs' policy is distinguishable from the policy in *Sevier*. The Loss Payment provision of Plaintiffs' policy states:

> We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss <u>and</u>:
> 1. Reach an agreement with you;
> 2. There is an entry of final judgment; or
> 3. There is a filing of an appraisal award with us.

(R. Doc. 7-5) (emphasis added). Compare *id*. with *Sevier*, 497 So.2d at 1381. Under Plaintiffs' policy, GeoVera must receive proof of loss and one of the three options listed must be satisfied before the clock begins to run on the sixty-day payment period. It is undisputed that Plaintiffs have not reached an agreement with GeoVera, the Court has not entered a final judgment, and there has been no filing of an appraisal award with GeoVera. Because the Loss Payment provision's second requirement has not been met, the Court need not determine when GeoVera received proof of loss.

Plaintiffs also assert that the "Suit Against Us" provision of Plaintiffs' policy does not turn a request for appraisal into a condition precedent to suit. The "Suit Against Us" provision of Plaintiffs' policy states:

> No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss.

(R. Doc 7-5). The appraisal provision is found in Section I of Plaintiffs' policy and therefore controls the appropriateness of any action brought against GeoVera. *See id.* As in *Newman*, Plaintiffs' policy "does not require appraisal; [appraisal] is a voluntary process that either party may demand." *Newman*, 2007 WL 1063578 at *3. Although either party may demand an

appraisal, in the event that it is demanded, "each party will choose a competent and impartial appraiser within 20 days [of] receiving a written request from the other" party.  (R. Doc. 7-5).

A "Suit Against Us" provision applies to "judicial actions against" the provider. *Newman*, 2007 WL 1063578 at *3.  GeoVera first demanded an appraisal on December 27, 2012. (R. Doc. 7-1).  GeoVera again demanded an appraisal on January 15, 2013.  (R. Doc. 7-1). To date, Plaintiffs have not chosen an appraiser in violation of the twenty-day restriction in Plaintiffs' policy.  Because the "Suit Against Us" provision is an enforceable provision intended to protect the provider, the Court cannot permit Plaintiffs to file suit against GeoVera in violation of the terms of the policy that Plaintiffs purchased.[2]

The Court recognizes the additional cost incurred by both parties as a result of the appraisal process, a concern raised by Plaintiffs at oral argument.  However, Plaintiffs should not view the appraisal process merely as a sunk cost.  After the disputed damage is appraised, one party's position will be immeasurably bolstered by the expert testimony either of both appraisers or of an independent umpire selected at the beginning of the appraisal process.  As is almost always the case, the cost of appraisal will only be too high for the party that disagrees with the appraisers' conclusion.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that GeoVera's Motion to Compel Appraisal and to Administratively Close Case Pending Appraisal (R. Doc. 7) is hereby **GRANTED**.  **IT IS FURTHER ORDERED** that Plaintiffs shall choose an appraiser pursuant

---

[2]The Court need not address and does not adopt GeoVera's contention that, under Plaintiffs' policy, a request for appraisal is a condition precedent to suit.  However, full compliance with the terms of Section I is a condition precedent to suit, and it is a condition that has been violated in the case at bar.

to the terms of the Policy within ten days of the date of this Order and Reasons.  **IT IS FURTHER ORDERED** that Plaintiffs shall immediately comply in all other ways with the appraisal process pursuant to the terms of the Policy.  **IT IS FURTHER ORDERED** that this matter be and is hereby **STAYED** and **CLOSED** for administrative purposes pending completion of the appraisal process, without prejudice to the right of Plaintiff to seek to reopen the case by motion, if necessary, upon such completion.

New Orleans, Louisiana, this 20th day of June, 2013.

_____
UNITED STATES DISTRICT JUDGE