**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JODI BEASLEY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-395** |
| **GEOVERA SPECIALTY INSURANCE CO.** | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is Defendant's Motion to Lift Stay and Reopen Case for Limited

Purpose of Addressing Motion for Summary Judgment (Rec. Doc. 19) and Defendant GeoVera's

Motion for Summary Judgment (Rec. Doc. 20). Having reviewed the parties' briefs and the

applicable law, the Court now issues this Order & Reasons.

### I. BACKGROUND

This insurance dispute arises from alleged damage to a home due to Hurricane Isaac.

According to their petition, filed in the 24th Judicial District Court for the Parish of Jefferson on

January 15, 2013, Plaintiffs Jodi and Jamie Beasley own property located at 5138 Rogers Street

in Lafitte, Louisiana. The Plaintiffs allege that Defendant GeoVera Specialty Insurance

Company ("GeoVera") insured their home at all relevant times. The Plaintiffs further allege that

Hurricane Isaac made landfall on August 28, 2012, and caused damage to their home by means

of wind, but not by means of flooding. Plaintiffs allege that GeoVera failed to pay all damages

due according to their insurance contract, and seek damages.

GeoVera filed a Notice of Removal on March 1, 2013, alleging diversity jurisdiction.

(Rec. Doc. 1). GeoVera then filed an Answer in which it denies liability and asserts various

affirmative defenses including failure to state a claim and coverage defenses. (Rec. Doc. 4). On

May 2, 2013, GeoVera filed a Motion to Compel Appraisal and to Administratively Close Case Pending appraisal.  In it, GeoVera argued that the insurance policy at issue included a provision allowing either party to demand an independent appraisal in the event of a dispute as to the amount of loss.  GeoVera asserted that it twice sent letters to Plaintiffs invoking its right to demand an independent appraisal, naming GeoVera's appraiser, and asking Plaintiffs to name their own appraiser, per the terms of the policy.  GeoVera further averred that Plaintiffs failed to respond to either letter, and instead filed the instant suit in violation of the terms of the policy. The Court agreed with GeoVera and granted the motion on June 20, 2013, thus staying and closing the case for administrative purposes pending completion of the appraisal process.  (Rec. Doc. 18).

Following the Court's institution of the stay, the parties chose their respective appraisers, who ultimately agreed on the amount of dwelling damages.  Specifically, the appraisers found the actual cash value of the damage to Plaintiffs' dwelling to be $21,502.85.  (Rec. Doc. 20-15). On September 19, 2013, GeoVera's counsel sent Plaintiff's counsel a check for $11,502.85, signifying the $21,502.85 amount in damages less the $10,000 deductible.  (Rec. Doc. 20-16).

The appraisers did not evaluate Plaintiffs' claims for lost contents and additional living expenses.  The Plaintiffs' GeoVera insurance policy states as one of the "Duties After Loss" that the insured shall submit to an Examination Under Oath ("EUO") while not in the presence of another "insured." GeoVera chose to exercise its right to an EUO, and GeoVera's counsel wrote Plaintiffs' counsel on October 4, 2013 and scheduled an EUO of the Plaintiffs to take place on November 19, 2013.  (Rec. Doc. 20-17).  The letter states that the EUOs of each Plaintiff would be conducted separately, as per the policy.  (Rec. Doc. 20-17 at 2).  GeoVera also requested documentation to support Plaintiffs' claims for lost contents and additional living expenses.

The parties rescheduled the EUO at Plaintiffs' counsel's request due to a scheduling conflict.[1]  GeoVera's counsel sent a letter on November 15, 2013 to Plaintiffs' counsel and rescheduled the EUOs for December 10, 2013.  Again, GeoVera's counsel noted that each Plaintiff's EUO would be conducted separately.  (Rec. Doc. 20-18 at 1).  On December 9, 2013, GeoVera's counsel wrote Plaintiffs' counsel and cancelled the scheduled EUO, citing Plaintiffs' failure to provide the requested documents and information.  (Rec. Doc. 20-19).

For some unknown reason, counsel did not revisit scheduling the EUOs until a year later.  GeoVera's counsel sent a letter on December 10, 2014 and rescheduled the EUOs for December 17, 2014.  (Rec. Doc. 20-20).  GeoVera's counsel again asked for documents pertaining to Plaintiffs' claim and asked that the documents be provided no later than December 15, 2014.  (Rec. Doc. 20-20).  Due to a conflict with Plaintiffs' counsel's schedule, the parties rescheduled the EUO for December 23, 2014.[2]

The Plaintiffs and Plaintiffs' counsel appeared at GeoVera's counsel's office on December 23, 2014 but refused to submit to separate EUOs.  Plaintiffs' counsel stated that they were ready and willing to answer any questions asked but would not submit to separate EUOs.  (Rec. Doc. 20-21).

## II.   PRESENT MOTIONS

GeoVera now asks this Court to lift the stay in order to dismiss Plaintiffs' claims for dwelling damages and to consider and grant GeoVera's Motion for Summary Judgment.  Plaintiffs agree that the Court should lift the stay but contend that the Court should grant

---

[1] GeoVera articulates that the parties rescheduled the EUO at Plaintiff's counsel's request in GeoVera's Memorandum in support of its Motion for Summary Judgment (Rec. Doc. 20-1 at 6), and Plaintiffs' do not dispute this point.
[2] GeoVera articulates that the parties rescheduled the EUO because Plaintiffs' counsel had a scheduling conflict in GeoVera's Memorandum in support of its Motion for Summary Judgment (Rec. Doc. 20-1 at 7), and Plaintiffs' do not dispute this point.

GeoVera's Motion for Summary Judgment only as it relates to confirmation of Plaintiffs' award for dwelling damages and deny the motion as it relates to Plaintiffs' remaining claims of lost contents and additional living expenses.  Since the parties agree that the Court should lift the stay and grant Summary Judgment as to dwelling damages, the Court will focus its analysis on Summary Judgment regarding contents damages and living expenses.

GeoVera argues that the Court should grant Summary Judgment as to Plaintiffs' claims for contents damages and living expenses because of Plaintiffs' "persistent noncompliance with the policy's cooperation clause."  (Rec. Doc. 20-1 at 1).  GeoVera argues that Plaintiffs have failed to provide GeoVera with requested documentation, which is necessary for GeoVera to evaluate Plantiffs' claims.  GeoVera also contends that the Plaintiffs' refusal to submit to separate EUOs "has caused material prejudice to GeoVera by inhibiting its ability to properly investigate and a adjust Plaintiffs' claims, impeding its ability to gather information while it is still fresh, delaying resolution of the claims, and causing GeoVera to unnecessarily incur additional expenses, attorney fees, and litigation costs."  (Rec. Doc. 20-1 at 15).

Plaintiffs oppose the motion and argue that GeoVera fails to show how Plaintiffs' failure to submit to EUOs or their failure to produce the requested documentation has prejudiced GeoVera.  (Rec. Doc. 24 at 5).  Plaintiffs further contend that there remain disputed material facts as to whether Plaintiffs actually failed to provide the requested documentation and as to whether they refused to submit to the EUO.  (Rec. Doc. 24 at 8).  Plaintiffs include a number of emails that indicate Plaintiffs provided documentation to GeoVera that substantiated their claims for lost contents and additional living expenses.  (Rec. Doc. 24 at 8-9).  Further, Plaintiffs note that they submitted a settlement offer to GeoVera in December 2013 and followed up with GeoVera's counsel in August 2014 but never received a response to their offer or a counteroffer.

(Rec. Doc. 24 at 9).  Regarding Plaintiffs' refusal to submit to separate EUOs, Plaintiffs contend that their counsel decided not to go forward with the separate EUOs because, as joint parties to an action, the Plaintiffs had a right to be present for the other's examination.  (Rec. Doc. 24 at 10).

GeoVera replies. GeoVera argues that Plaintiffs fail to articulate a "reasonable explanation" for their failure to submit to an EUO.  (Rec. Doc. 28 at 2).  Moreover, GeoVera highlights that GeoVera's counsel's correspondence clearly noted that the EUOs would be conducted separately.  (Rec. Doc. 28 at 2).  GeoVera further contends that it has demonstrated prejudice – GeoVera scheduled Plaintiffs' EUOs on four separate occasions, and when Plaintiffs finally appeared, they refused to submit to the examination.  (Rec. Doc. 28 at 4).  While Plaintiffs argue that they are ready and willing to submit to a deposition, GeoVera avers that a deposition is not the equivalent of an EUO, which is a contractual obligation between the parties. (Rec. Doc. 28 at 6).

## III.    LAW AND ANALYSIS

### A.  The Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial."  Id. When considering a motion for summary judgment, the district court "will review the facts

drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).  The court must find "[a] factual dispute [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party [and a] fact [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### B. Breach of Cooperation Clause

The pertinent part of the Plaintiffs' insurance policy with GeoVera states:

**Duties After Loss**
In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us.  These duties must be performed either by you, an "insured" seeking coverage…

7. As often as we reasonably require:
    a. Show the damaged property;
    b. Provide us with records and documents we request and permit us to make copies;
    c. Submit to examination under oath, while not in the presence of another "insured" and sign the same;

Louisiana law recognizes that an insured's failure to fulfill his duties under a cooperation clause may provide the insurer with a defense to a suit to recover under the policy. *See Lee v. United Fire & Cas. Co.*, 607 So.2d 685, 688 (La. Ct. App. 1992).  "Courts have generally reviewed compliance with insurance policy provisions as a condition precedent to recovery." *Id.* At the same time, however, Louisiana law does not regard a cooperation clause as "an escape hatch that an insurer may use to flee from liability." *Jackson v. State Farm Fire & Cas. Co.*, No. 06-7202, 2010 WL 724108, at *8 (E.D. La. 2010).  As such, dismissal of an insured's suit based on a breach of a cooperation clause is "a draconian remedy which [courts] do not ordinarily favor." *Lee*, 607 So.2d at 685.

Here, GeoVera argues that Plaintiffs breached their duty to cooperate in two ways: (1) Plaintiffs' failure to submit to the EUOs; and (2) Plaintiffs failure to provide the requested documentation to substantiate their claims. For the Court to dismiss an insured's suit based on a breach of a cooperation clause, the insurer must show that the insured breached the cooperation clause and that the breach materially prejudiced the insurer. *See Johnson v. State Farm Mut. Auto Ins. Co.*, 2013 WL 2156328 at *9 (E.D. La. May 17, 2013) (Brown, J.). Looking to the first element, it is evident that Plaintiffs breached the cooperation clause when they refused to submit to the EUO after rescheduling the EUO four times. As noted by one Louisiana Court, "[a]n outright refusal to an examination is an easy case" of breach. *Lee*, 607 So.2d at 688. But courts have found that an insured's claims are not subject to dismissal when the insured has a "reasonable explanation" for failing to submit to an EUO. *See Wright v. Allstate Insurance Co.*, No. 06-0485, 2006 WL 3524030 at *3 (W.D. La. Dec. 5, 2006) (denying summary judgment when Plaintiff had reasonable explanation for refusing to submit to EUO when she was not represented by an attorney and arson was an issue); *See generally Mosadegh*, 2008 (finding summary judgment appropriate when Plaintiffs failed to produce a reasonable explanation and showed no willingness to cooperate).

In the present case, Plaintiffs contend that their "reasonable explanation" for refusing to submit to the EUOs is that they should not be compelled to undergo separate EUOs when they are joint parties to a lawsuit. This argument rings hollow. The EUO is a contract term and therefore distinct from a deposition, a discovery tool in litigation. One court aptly summarized these distinctions:

> Depositions and examinations under oath serve vastly different purposes. First, the obligation to sit for an examination under oath is contractual rather than arising out of the rules of civil procedure. Second, an insured's counsel plays a different role during

> examinations under oath than during depositions. Third,
> examinations under oath are taken before litigation to augment the
> insurer's investigation of the claim while a deposition is not part of
> the claim investigation process. Fourth, an insured has a duty to
> volunteer information related to the claim during an examination
> under oath in accordance with the policy while he would have no
> such obligation in a deposition.

*Goldman v. State Farm Fire Gen. Ins. Co.,* 660 So.2d 300, 305 (Fla.Dist.Ct.App.1995).  As evidenced by the correspondence between counsel, Plaintiffs' counsel was well aware that the parties had scheduled an EUO and not a deposition on December 23, 2014.  There is therefore no justification for the Plaintiffs to show up on the day of the EUO, over a year after these examinations were initially scheduled, and refuse to submit to the examinations by citing rules regulating depositions.  Moreover, GeoVera's counsel specified in the correspondence that the EUOs would be taken separately, per the policy's terms.  In sum, the Plaintiffs breached their contractual obligation when they refused to submit to the EUOs, and Plaintiffs' misguided reference to a deposition does not constitute a reasonable excuse.

In addition to demonstrating the insured's breach of the cooperation clause, the insurer must show that "the breach on the part of the insured [was] both material and prejudicial to [it]." *Williams v. Lowe*, 831 So.2d 334, 336 (La. Ct. App. 2002); *accord Desadier v. Safeway*, 712 So.2d 925, 928 (La. Ct. App. 1998); *Freyou v. Marquette Cas. Co.*, 149 So.2d 697, 699-700 (La. Ct. App. 1963).  While the Louisiana Supreme Court has not yet affirmatively stated whether prejudice to an insurer must be demonstrated, or whether breach of a cooperation clause can be considered prejudicial as a matter of law, the case law supports a finding that the insurer must demonstrate prejudice.  *See Johnson v. State Farm Mut. Auto Ins. Co.*, 2013 WL 2156328 at *9 (E.D. La. May 17, 2013) (finding that Louisiana and Fifth Court precedent dictated that the insurer must demonstrate prejudice) (Brown, J.); *Kovesdi v. Allstate Indemnity Co.*, No. 10-697,

2010 WL 3834893 (E.D. La. Sept. 24, 2010) (Fallon, J.); *Mosadegh v. State Farm Fire & Cas. Co.*, No. 07-4427, 2008 WL 4544361, at *4 (E.D. La. 2008) ("[t]he burden is on the insurer to show actual prejudice") (Feldman, J.); *Williams*, 831 So.2d 334, 336 (La. Ct. App. 2002) ("For coverage to be excluded for an insured's violation of an insurance policy's cooperation clause, the breach on the part of the insured must be both material and prejudicial to the insurer."); *Trosclair v. CAN Ins. Co.*, 637 So.2d 1168, 1170 (La. Ct. App. 4 1994) ("The burden is on the insurer to show actual prejudice.").[3] These decisions firmly indicate that under Louisiana law, an insurer must show prejudice in order to avail itself of the defense based on an insured's failure to cooperate.

Courts have routinely found that an insurer demonstrates actual prejudice when the insured's failure to submit to an EUO resulted in delay to the claims investigation, as "[c]ooperation clauses fulfill the reasonable purpose of 'enabl[ing] the insurer to obtain relevant information concerning the loss while the information is fresh ….'" *Holden v. Connex-Metalna Mgmt. Consulting*, No. 98-3326, 2000 WL 1741839, at *2 (E.D. La. Nov. 22, 2000) (quoting 14 *Couch on Insurance*, § 199:4 (3d.ed 1999)).  In *Mosadegh v. State Farm Fire and Cas. Ins. Co.*, the district court granted summary judgment and dismissed plaintiff's claim for a failure to submit to an EUO.  The court found that the defendant had demonstrated actual prejudice because it was "unable to obtain information while it was fresh and could not inspect the property in a timely fashion…."  2008 WL 45444361 at *4.  The Fifth Circuit affirmed the district court's prejudice finding, noting that the insurer had "certainly demonstrated prejudice to

---

[3] *See*, *e.g.*,  *Assaf v. Allstate Indemnity. Co.*, No. 10-1063, 2011 WL 3178551 at *7 (E.D. La. July 27, 2011) (Engelhardt, J.);  *Jackson*, 2010 WL 724108, at *8 (Vance, C.J.); *Flair v. State Farm Fire & Cas. Co.*, No. 08-3196, 2009 WL 361114, at *5 (E.D. La. 2009) (Africk, J.); *Mosadegh v. State Farm Fire & Cas. Co.*, No. 07-4427, 2008 WL 4544361, at *4 (E.D. La. 2008) (Feldman, J.); *Arbor Mall, LLC v. Am. Empire Surplus Lines Ins. Co.*, No. 06-7661, 2007 WL 3172833, at *1 (E.D. La. 2007) (Duval, J.).

its investigation and adjustment capacity through [the plaintiffs'] unwillingness to submit to the required examinations."  *Mosadegh v. State Farm Fire and Cas. Co.*, 330 Fed. Appx. 65 (5th Cir. 2009).  Similarly, in *Kerr v. State Farm Fire & Cas. Co*, the district court found that the insured had shown prejudice because plaintiff's refusal to submit to the EUO deprived the insurer of the right to "properly and thoroughly investigate its claim."  934 F. Supp. 2d 853, 861 (M.D. La. 2012).  *See also Assaf*, 2011 WL 3178551 at *8 (finding actual prejudice because plaintiff's refusal to submit to an EUO prevented the insurer from contacting witnesses in a timely fashion and obtaining material while "fresh").

There is no question that this case has been unduly delayed, but the fault does not rest solely with the Plaintiffs.  GeoVera failed to reschedule the cancelled EUO for a year, without explanation.  There is also evidence that GeoVera never responded to Plaintiffs' settlement overtures.  Nevertheless, Plaintiffs' submission to separate EUOs is a condition precedent to pursuing their claim in this Court, and they must fulfill the terms of the cooperation clause in order to proceed with this litigation.  Plaintiffs shall therefore fulfill these duties within sixty days of this Order & Reasons.

## IV.   CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that GeoVera's Motion to Lift the Stay (Rec. Doc. 19) is **GRANTED,** and GeoVera's Motion for Summary Judgment (Rec. Doc. 20) is **GRANTED IN PART AND DENIED IN PART**.  The motion is **GRANTED** insofar as it relates to Plaintiffs' claims for dwelling damages, and the motion is **DENIED WITHOUT PREJUDICE** insofar as it relates to Plaintiffs' claims for contents damages and additional living expenses.  **IT IS FURTHER ORDERED** that per the policy terms, Plaintiffs shall submit to separate EUOs and provide any and all documentation that supports their claims, and that they

have access to, within sixty days.  **IT IS FURTHER ORDERED** that this matter be and is hereby **STAYED** and **CLOSED** for administrative purposes so that Plaintiffs can satisfy the duties imposed by the policy's cooperation clause, and if Plaintiffs fail to submit to separate EUOs or fail to provide GeoVera with the requested documentation at the close of the sixty-day period, GeoVera can seek to reopen the case by motion and re-urge their Motion for Summary Judgment.

New Orleans, Louisiana this 15th day of May, 2015.

UNITED STATES DISTRICT JUDGE